

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-12-317

| | |
|---|---|
| | **Opinion Delivered** October 23, 2013 |
| ETHAN O. MOODY<br>APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2011-BR-1205] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND ARKANSAS HIGHWAY AND TRANSPORTATION DEPARTMENT<br>APPELLEE | REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the Board of Review's denial of benefits to him under Ark. Code Ann. § 11-10-514(a)[1] on finding that the claimant was discharged from his last work for misconduct in connection with the work. On May 22, 2013, our court ordered rebriefing because appellant's abstract and addendum were deficient.[2] Notwithstanding that counsel has cured most of the deficiencies in his addendum, we must order rebriefing a second time.

Appellant has failed to cure the deficiencies in his abstract, namely, the inclusion of an entire section entitled "Excerpts from Exhibits" in which he partially abstracts documents, most of which were previously absent from, but are now properly included, in the addendum.

---

[1](Repl. 2012).

[2]*Moody v. Dir., Dep't of Workforce Servs.*, 2013 Ark. App. 350.

Rule 4–2(a)(5)(A) of the Rules of the Arkansas Supreme Court and Court of Appeals states the following:

> Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.[3]

Appellant was expressly ordered to cure the deficiency in his abstract by submitting a substituted abstract; however, he has essentially chosen to supplement the addendum only.

Appellant also partially abstracts the "Recommendations" section from the Arkansas Highway and Transportation Department Summary of Allegations against appellant. The document is in the record but is not included in the addendum. Rule 4–2(a)(8)(A)(i) of the Rules of the Arkansas Supreme Court and Court of Appeals requires that "any document essential to an understanding of the case and the issues on appeal" be included in the addendum.

We will not address the merits of this case until it has been rebriefed as previously ordered. Therefore, the appellant is ordered to file a substituted abstract, brief, and addendum that complies with Rule 4–2 within fifteen days of the date of this opinion.[4] The clerk shall set the briefing schedule accordingly.

---

[3] (2012).

[4] Ark. Sup. Ct. R. 4–2(b)(3).

We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies. Counsel is strongly encouraged to carefully review the rules to ensure that no other deficiencies exist. Failure to file a compliant brief within fifteen days could result in the Board of Review's decision being summarily affirmed for noncompliance with our rules.[5] After service of the substituted abstract, brief, and addendum, appellee Department of Workforce Services shall have an opportunity to revise or supplement its brief in the time prescribed by the court, or to rely on the brief previously filed in this appeal.[6]

Rebriefing ordered.

WALMSLEY and HIXSON, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

*Phyllis A. Edwards*, for appellee.

---

[5]Ark. Sup. Ct. R. 4–2(c)(2).

[6]Appellee Arkansas Highway and Transportation Department did not submit a brief in this matter.

SLIP OPINION